DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donn Downs, appeals the decision of the Wadsworth Municipal Court, which found him guilty of driving under suspension. This Court affirms.
 I. {¶ 2} Appellant was cited for one count of driving under suspension, in violation of R.C. 4507.02(D); and two counts of non-compliance or driving under a financial responsibility act suspension, in violation of R.C. 4507.02(B)(1). The case proceeded to jury trial. The jury found appellant guilty of driving under suspension, and the trial court sentenced appellant accordingly.
 {¶ 3} Appellant timely appealed, setting forth six assignments of error.
 II. {¶ 4} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A). This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B).
 {¶ 5} In the case sub judice, the record on appeal consists of the docket and journal entries from the trial court, as well as a certified videotape of the trial proceedings. This Court finds that the videotape is insufficient to satisfy the appellant's burden of establishing error. App.R. 9(A) provides, in pertinent part:
"A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." See, also, Loc.R. 5(A)(1)(b).
 {¶ 6} Appellant provided a certified videotape of the trial proceedings. However, appellant failed to provide this Court with any typed portion of the videotape transcript.
 {¶ 7} A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp,61 Ohio St.2d at 199. Appellant failed to attach typed portions of the videotape transcript necessary for the review of his assignments of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., State v. Williams, 9th Dist. No. 3247-M, 2002-Ohio-1638; State v. Schwarz, 9th Dist. No. 3176-M, 2001-Ohio-1731; State v. Buzzelli, 9th Dist. No. 3145-M,2001-Ohio-1634. Accordingly, appellant's six assignments of error are overruled.
 III. {¶ 8} Having overruled appellant's six assignments of error, the judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
SLABY, P.J., BAIRD, J. CONCUR