DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Laura Fraser ("Laura") appeals from an order of the Medina County Court of Common Pleas, Probate Division, adopting a magistrate's decision and entering judgment to remove Laura as Guardian for her father. We affirm.
 I. {¶ 2} The parties' briefs suggest this factual background. Laura Fraser, with the acquiescence of her sister and brother, was appointed as her father's guardian when his health deteriorated. Prior to the guardianship appointment, Laura and her father held a parcel of real estate as joint tenants; however, also prior to the appointment, her father transferred full ownership of the real estate to Laura. After the appointment, Laura's brother, Myles, Jr., objected to the transfer to Laura and the probate court ordered the property transferred back to a joint tenancy between Laura and her father.
 {¶ 3} Subsequently, Laura moved the court to compensate her for her guardianship duties by transferring her father's interest in the real estate back to her. The magistrate denied the motion and recommended that a new guardian be named. Laura appealed to the trial court, which adopted the magistrate's decision, removed Laura from the guardianship, and named a different guardian.
 {¶ 4} Laura timely appealed, raising two assignments of error. We address the assignments of error together.
 II. Assignment of Error No. 1
"The court erred as a matter of law"
 {¶ 5} In her first assignment of error, Laura argues that she is entitled to her father's interest in the house under Medicare regulations.
 Assignment of Error No. 2
"The court abused its Discretion"
 {¶ 6} In her second assignment of error, Laura argues that the trial court abused its discretion in not applying federal law to the facts of this case.
"At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court * * *. If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized.
"* * *.
"The reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript, and, if partial, indicate the parts included and the parts excluded." AppR. 9(B)
"It is the duty of the appellant to arrange for the timely transmission of the record, including any transcripts of proceedings, App.R. 9(C) statement, or App.R. 9(D) statement, as may be appropriate, and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." Loc.R. 5(A).
 {¶ 7} On June 4, 2003, Laura requested additional time from this court to file the record because "[t]he record in this case was audiocassette taped" and "the transcriber on June 4, 2003 * * * indicated that she need[ed] approximately an additional 10-14 days to conclude the transcription."
 {¶ 8} The transcript provided does not contain the certification required by App.R. 9(B), but states only, "This transcript prepared from an audio tape by: Marilyn Johnson[,] 59 Navajo Street[,] Creston, OH 44217[,] 330-435-9006[.]" Further, there is nothing in the trial court record which appoints Ms. Johnson as the official reporter for this case. Therefore, there is no transcript of proceedings to be reviewed by this court. Further, there are exhibits in the trial court file; without a record, we are unable to determine if these exhibits were before the trial court.
 {¶ 9} A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Appellant failed to include a certified transcript by an assigned court reporter, which is necessary for the review of her assignments of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment.State v. Downs, 9th Dist. No. 03CA0053-M, 2003-Ohio-6009, at ¶ 7.
 {¶ 10} Laura's two assignments of error are overruled.
 III. {¶ 11} Laura's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas Probate Division, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. and Whitmore, J., concur.