OPINION
{¶ 1} This case presents an accelerated appeal of the judgment of the Chardon Municipal Court. After a bench trial, the municipal court found in favor of appellees and awarded them damages in the amount of $12,250. We affirm.
 {¶ 2} On June 8, 2001, Alice Malliski and Eugene Malliski, d/b/a Deer Lake Mobile Park, filed an eviction action against appellees. Appellees filed an answer, counterclaim and third party complaint. Appellees' counterclaim and third party complaint asserted causes of action for tortious interference with a contract and tortious interference with a business relationship. The trial court dismissed the eviction action because appellants accepted rent after service of the three-day notice required by R.C. 1923.04.
 {¶ 3} On February 4, 2002, appellants filed a second eviction action against appellees. After a hearing, the court awarded appellants a writ of restitution.
 {¶ 4} On April 8, 2002, a bench trial was held on appellees' counterclaim and third party complaint. The trial court entered judgment in favor of appellees and awarded them actual damages of $5,000, punitive damages of $2,000, attorney fees of $5,000 and $250 interest. Appellants appeal the trial court's judgment raising six assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of appellants in making a ruling that is contrary to its own findings of fact.
 {¶ 6} "[2.] The trial court erred in that its ruling is against the manifest weight of the evidence.
 {¶ 7} "[3.] The trial court erred to the prejudice of appellants by awarding to appellees punitive damages and attorney fees without making the requisite finding of `actual malice.'
 {¶ 8} "[4.] The trial court erred to the prejudice of appellants by awarding to appellees the benefit of the sale of their mobile home without concurrently awarding appellants title to same.
 {¶ 9} "[5.] The trial court abused its discretion in making a ruling that is contrary to its own findings, in making a ruling that is against the manifest weight of the evidence, and in awarding punitive damages and attorney fees.
 {¶ 10} "[6.] The trial court erred to the prejudice of appellants by failing to rule upon appellants' motion in limine, and thereafter, by awarding damages for conduct that occurred outside the allegations of appellees' counterclaim."
 {¶ 11} Appellants' first assignment of error contains no citation to authority as required by App.R. 16(A)(7); therefore, we need not address it. See App.R.12(A)(2). See, also, Meerhoff v. Huntington Mtge.Co. (1995), 103 Ohio App.3d 164, 169; McDonald's Corp. v. Lindsey (Mar. 23, 1982), 2nd Dist. No. 7542, 1982 Ohio App. LEXIS 12943, 18.
 {¶ 12} We next note that the file in this case contains a videotape of the trial of this matter. Appellants failed to comply with the requirements of App.R. 9 with regard to the videotape and, therefore, it is not properly part of the record on appeal and cannot be considered by this court.
 {¶ 13} App.R. 9(A) provides in relevant part:
 {¶ 14} "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 15} Appellants did not transcribe those portions of the video necessary to determine the questions presented, certify their accuracy, or append a copy of the portions of the transcript to their brief. We cannot consider those assignments of error that would require a review of the videotape. See Visnich v. Visnich (Dec. 17, 1999), 11th Dist. No. 98-T-0144, 1999 Ohio App. LEXIS 6140, at 4, (stating, "As we have held on numerous occasions this court will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised.") (Internal quotations and citations omitted.)
 {¶ 16} Appellants also failed to comply with the requirements of App. R. 9(B) in that they failed to have the court reporter certify the videotape. Assuming there was no court reporter to certify the tape, appellants should have submitted a statement of evidence or agreed statement of the record. App. R. 9(C) and (D). See, also Visnich, supra,at 5, (stating, "[w]ithout a proper and complete transcript, appellant cannot demonstrate the alleged error. Thus, this court must presume the regularity of the proceedings below.") Therefore, we are unable to consider appellants' second, fifth, and sixth assignments of error.
 {¶ 17} We are left to address appellants' third and fourth assignments of error, to the extent we may do so without reference to the videotape.
 {¶ 18} In their third assignment of error appellants contend that the trial court failed to find actual malice and thus erred in awarding punitive damages and attorney fees. We disagree.
 {¶ 19} In Preston v. Murty (1987), 32 Ohio St.3d 334, syllabus, the Ohio Supreme Court stated:
 {¶ 20} "Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."
 {¶ 21} We believe the trial court, while not explicitly using the terms "actual malice," found that appellants' acted with that state of mind. The court found appellants' conduct to be confrontational. The trial court found that appellants discouraged potential buyers from purchasing the home. The court found appellants' conduct to be unconscionable and unreasonable. These findings can only support the ultimate legal conclusion that appellants' acted with actual malice. Therefore, appellants' third assignment of error is without merit.
 {¶ 22} In their fourth assignment of error appellants argue that the trial court awarded appellees the benefit of the sale of the mobile home and thus, should have granted appellants' title to the home. We disagree.
 {¶ 23} The trial court awarded appellees damages for tortious conduct, not breach of contract. See, generally, Gray-Jones v. Jones
(2000), 137 Ohio App.3d 93, 102. Given the record before us, we are unable to determine that the trial court was required to award appellants' title to the home, or that appellants sought such relief. Again, appellants cite no authority in support of their argument. Therefore, appellants' fourth assignment of error is without merit.
 {¶ 24} For the foregoing reasons, the judgment of the Chardon Municipal Court is affirmed.
Judgment affirmed.
Judith A. Christley and William M. O'Neill, JJ., concur.