OPINION
{¶ 1} This is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, David S. Mix, appeals from a judgment of the Chardon Municipal Court, granting judgment in favor of appellee, Daniel M. Mix, and denying his counterclaim. For the reasons set forth below, we affirm the judgment of the municipal court.
 {¶ 2} The facts of this matter are unclear, as a properly certified transcript of the proceedings has not been made part of the record on appeal. Despite this, the record demonstrates that this matter arises from a loan agreement executed by the parties. According to appellee's complaint, filed on September 10, 2003, he sought payment in the amount of $2,500, based on a personal loan made to appellant, as well an additional $201.36 that was loaned at a later date. Appellant filed a counterclaim, alleging that this action "has caused undue hardship relative to [appellant's] working hours, resulting in [his] having to take leave without pay * * * and to bear court and travel costs as a result of this unwarranted action." In this counterclaim, appellant sought restitution of lost pay and costs.
 {¶ 3} Appellee did not attach a copy of the contract to the complaint, as required by Civ.R. 10(D). However, appellant did not move to dismiss the complaint.
 {¶ 4} The matter was immediately scheduled for a magistrate hearing, on October 21, 2003. On September 24, 2003, appellant moved for a continuance, bringing the court's attention to financial and travel hardship of appearing on the scheduled date. On that same day, appellant also moved to have appellee answer submitted interrogatories and to produce specified documents. Appellant requested all documents that supported appellee's claim, including any contracts, checks, instruments, or other documents, and a declaration of any oral statements or claims of valid debts and dates that supported his claim.
 {¶ 5} The magistrate denied appellant's request for a continuance and request for discovery. Thereafter, appellant moved to compel discovery from appellee, and the magistrate denied this motion.
 {¶ 6} The matter proceeded to a magistrate hearing, on October 21, 2003. A court reporter was not present. As previously stated, a properly certified transcript of the hearing has not been made part of this record, nor has a statement pursuant to App.R. 9(C) or 9(D) been submitted.
 {¶ 7} The magistrate issued findings and recommendations on October 27, 2003. On November 6, 2003, appellant filed objections to the magistrate's findings and recommendations. These objections are mirrored in appellant's current assignments of error.
 {¶ 8} The court issued a December 1, 2003 judgment entry, adopting the magistrate's findings and recommendations and overruling appellant's objections. The court entered judgment for appellee on the complaint in the amount of $2,701.36, plus interest and costs, and for appellee on the counterclaim, at appellant's costs.
 {¶ 9} From this judgment, appellant appeals and sets forth the following assignments of error for our consideration:
 {¶ 10} "[1.] The trial Court [sic] erred, and abused its discretion, when it improperly denied the Defendant the right of discovery as permitted under Rules 26 and 34 of the Ohio Rules of Civil Procedure, to the substantial prejudice of the Defendant-Appellant's statutory and constitutional right of due process.
 {¶ 11} "[2.] The trial Court [sic] erred by admitting documents and testimony as evidence of which the Defendant was denied discovery, to the prejudice of the Defendant's Fifth and Fourteenth Amendment right of due process."
 {¶ 12} In appellant's first assignment of error, he argues that the court abused its discretion when it denied appellant his right to conduct discovery. We disagree.
 {¶ 13} An appellate court reviews a municipal court's decision to grant or deny discovery in small claims cases for an abuse of discretion. Driscoll v. Mentor Lagoons, Inc. (Dec. 16, 1993), 8th Dist. No. 64482, 1993 Ohio App. LEXIS 5980. See, also, Civ.R. 26(C)(2). An abuse of discretion connotes more than a mere error of law or judgment; it occurs when the court acts in a manner that is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 219.
 {¶ 14} Because this is a small claims case, discovery was not a matter of right. Driscoll at 14. In small claims cases, pretrial discovery is expressly limited by R.C. Chapter 1925, which was intended to provide a simple, prompt, and informal procedure of little expense for adjudication in these types of cases. Sani Barnhouse Co., L.P.A. v. Pulley (Dec. 13, 1985), 5th Dist. No. 85A06-047, 1985 Ohio App. LEXIS 9952, at 9.
 {¶ 15} When a case is pending in a small claims court, discovery is limited to depositions and interrogatories, and this discovery may only be taken by leave of the court. R.C. 1925.09; Powell v. Killian (Sept. 18, 2001), 10th Dist. No. 01AP-85, 2001 Ohio App. LEXIS 4154, at 5-6. Appellant was required to move the court for leave to conduct discovery. He did so, and he put forth interrogatories and requested production of documents.
 {¶ 16} Within this discovery request, appellant requested production of the contract upon which the matter is based. Such a contract was not attached to appellee's complaint, as required by Civ.R. 10(D). The purpose of Civ.R. 10(D) is to provide the defendant with notice of the specific instrument upon which the claim is based. Nycoll Credit Union,Inc. v. Jurick (May 10, 1991), 11th Dist. No. 90-L-14-056, 1991 Ohio App. LEXIS 2191, at 6, quoting McDonald Community Fed. Credit Union v.Presco (Nov. 9, 1990), 11th Dist. No. 89-T-4241, 1990 Ohio App. LEXIS 4902.
 {¶ 17} Appellee did not comply with Civ.R. 10(D). A copy of the contract was not attached to his complaint. Although this is precisely the document which appellant requested through discovery, appellant did not move to dismiss the complaint or in any way object to the sufficiency of the pleadings. Further, a transcript of the hearing has not been made part of the record in this matter, and we are unable to ascertain whether appellant disputed the content of the alleged contract at the hearing.
 {¶ 18} Accordingly, we conclude that appellant was not prejudiced by the initial omission of the contract. See, e.g., Tillimon v. Sayed, 6th Dist. No. L-02-1285, 2003-Ohio-3222. Moreover, without a proper transcript or statement of the hearing, appellant cannot demonstrate the claimed errors, and we are unable to determine whether the magistrate's denial of appellant's request for discovery prejudiced his case. Accordingly, the magistrate did not abuse his discretion when denying his motion. Had appellant requested transfer of this case to the regular docket of the court, the full panoply of discovery tools would have been available. Id. at 6. Appellant failed to do so. Appellant's first assignment of error is without merit.
 {¶ 19} In appellant's second assignment of error, he argues that the court erred by admitting certain exhibits submitted by appellee. Specifically, appellant contends that the court erred by admitting these exhibits, including the alleged contract, because he, appellant, was denied access to them through discovery.
 {¶ 20} As an initial matter, we note that appellant never moved to dismiss the complaint or in any way challenged its sufficiency. We concluded above that he was not prejudiced by the initial omission of the contract. We further conclude that the magistrate did not abuse his discretion by denying him leave to conduct discovery. As such, we cannot agree that appellant was prejudiced by admission of these exhibits on behalf of appellee.
 {¶ 21} In the alternative, we turn to the state of the record. At the time of filing the notice of appeal, an appellant must order from the court reporter a complete transcript of the parts of the proceedings not already on appeal. App.R. 9(B). App.R. 9(B) specifies that a videotape, if taken by the court reporter, constitutes a transcript of the proceedings. However, the appellant must transcribe the relevant portions of the videotape, have the court reporter certify its accuracy, and attach the transcribed portions to his appellate brief. Deer Lake MobilePark v. Wendel, 11th Dist No. 2002-G-2438, 2003-Ohio-6981, at ¶ 16;Liggins v. Westminster Arms, Inc. (Dec. 22, 1998), 10th Dist. Nos. 98AP-377 and 98AP-378, 1998 Ohio App. LEXIS 6247, at 6-7; In re Fraser,
9th Dist. No. 03CA0021-M, 2003-Ohio-6808, at ¶ 9. According to App.R. 9(B), "[i]f there is no officially-appointed reporter, App.R. 9(C) or 9(D) may be utilized." See, also, Deer Lake Mobile Park at ¶ 16;Liggins at 6-7; Citifinancial v. Budzik, 10th Dist. No. 02CA008155, 2003-Ohio-4149, at ¶ 6; Progressive Wheel of Cleveland v. HRP AutoCenters, Inc. (Feb. 14, 1991), 8th Dist. No. 59989, 1991 Ohio App. LEXIS 676, at 3.
 {¶ 22} In this matter, the record contains a videotape of the trial proceedings, not taken by a court reporter, and appellant attached a self-certified transcript of the proceedings to his appellate brief. Appellant clearly attempted to comply with App.R. 9(B); however, because there was no officially-designated court reporter in this matter, App.R. 9(B) was inapplicable.
 {¶ 23} Appellant was required to comply with App.R. 9(C) or 9(D) when transmitting the record to this court for appeal. Deer Lake Mobile Park
at ¶ 16; Liggins at 6-7; Citifinancial at ¶ 6; Progressive Wheel at 3. Nothing in the record indicates that appellant has made any effort to comply with App.R. 9(C) or 9(D), as no statement of evidence or proceedings or any agreed statement of record is contained within the record on appeal.
 {¶ 24} Appellant is responsible for providing this court with a record of the facts and testimony necessary to support his assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. It is appellant's duty to transmit the transcript of proceedings. App.R. 10(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the trial court's proceedings and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 25} Following this logic, when analyzing appellant's second assignment of error, we must presume the regularity of the proceedings. Based upon the state of the record, we are not in a position to ascertain what evidence was admitted, what objections may have accompanied such evidence, and what testimony was admitted to accompany any exhibits. Appellant's second assignment of error is without merit.
 {¶ 26} Appellant's two assignments of error being without merit, we hereby affirm the judgment of the Chardon Municipal Court.
Ford, P.J., Rice, J., concur.