JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs Massimo DiNucci and Ivana DiSiena (appellants) appeal pro se from the court's decision awarding them $150 against pro se defendants Matthew and Tina Lis (appellees). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On September 30, 2004, appellants filed a trespass, property damage and continuing nuisance claim against their next-door neighbors, appellees, in small claims court. Appellants alleged appellees were liable for: delays in the construction of appellants' house due to appellees' objections; damage to appellants' lawn caused by trespassing; willow tree branches hanging over appellants' property; and creating a nuisance by having their yard look like a construction site for over two years. On November 9, 2004, the magistrate awarded appellants $150, stemming from the damage to the lawn. The magistrate ruled that appellants' other claims either failed on the merits or resulted in no provable damages. Appellants objected to the magistrate's decision in the Parma Municipal Court, claiming the magistrate improperly applied the rules of evidence and improperly calculated the amount of damages. On April 1, 2005, the municipal court agreed with the magistrate's findings of fact and conclusions of law and entered judgment in favor of appellants for $150.
 II. {¶ 3} In their first and second assignments of error, appellants argue that "the trial court erred in denying the appellants' appeal because the arbitrator[1] failed to adequately explain and enforce Ohio Rules of Civil Procedure and Ohio Rules of Evidence."
 {¶ 4} Specifically, appellants argue that they were not allowed to introduce photographs or videos demonstrating the damage that appellees caused to their property, pursuant to Evid.R. 201, and that this denial violated their constitutional right to due process. The standard of review for small claims court proceedings is abuse of discretion. See, Feinstein v.Habitat Wallpaper Blinds (Dec. 22, 1994), Cuyahoga App. No 67419. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 5} Evid.R. 201 governs judicial notice of adjudicative facts and is not applicable to the instant case. Evid.R. 401 through 403 govern the admissibility of relevant evidence; accordingly, photographs depicting the condition of real property in a property damage case would generally be admissible. However, appellants brought this action in small claims court. Evid.R. 101(C)(8) states that the Ohio Rules of Evidence "do not apply in the following situations: * * * Small claims division. Proceedings in the small claims division of a county or municipal court." See, also, Jones v. Cynet, Inc., Cuyahoga App. No. 79769, 2002-Ohio-2617 (holding that the Ohio Rules of Evidence do not apply to proceedings in a small claims court and "the judges/magistrates in small claims courts are afforded more discretion in their use and acceptance of the evidence presented in an action before them"). Additionally, the staff notes to Evid.R. 101 state that a small claims court is not required to use a "formalistic application of the law of evidence. A small claims division is intended as a layman's forum."
 {¶ 6} In the instant case, the magistrate was very liberal in allowing both parties to air their concerns about the unneighborly dispute. The magistrate explained that he was relaxing the rules and letting the parties tell their story, so to speak, stopping them only when they got so far off the subject that their retorts became nothing more than a sparring match. He then explained that a small claims court has the authority only to award money for compensable damages. "That's the only thing I can do here and I think I've got more than enough evidence and feel for this thing." The magistrate explained the appeals process, should either party object to his decision, and told the parties that although he was not required to do so, he would issue a written decision in this case.
 {¶ 7} The magistrate's written decision awarded $150 to appellants for the damage appellees caused to appellants' lawn. The magistrate found no other compensable damages. The municipal court approved the magistrate's proposed decision after appellants filed a written objection. The court stated that it was "satisfied that the magistrate gave both sides sufficient opportunity to present their case and their evidence * * * [and] the magistrate's determination of $150.00 is an appropriate measure of damages * * *." We agree with the court and find no abuse of discretion in the proceedings below. Accordingly, appellants' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., Concur.
[1] A magistrate for the Parma Municipal Court heard the case at hand and issued a decision accordingly. Appellants improperly refer to the magistrate as an arbitrator.