JOURNAL ENTRY and OPINION
{¶ 1} Defendant Robert S. Passov (appellant) appeals from the trial court's decision awarding $1,087 to plaintiff Video Discovery, Inc. (Video) for unjust enrichment. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On October 12, 2001, appellant, who is an attorney, hired Video, a legal videography company, to videotape a medical expert witness' deposition for a medical malpractice and wrongful death trial, which was already in progress. There was no written contract, as this was a last minute decision. The taping occurred the same day in a courtroom that was not being used, and counsel for both parties were present. Subsequently, the videotape was played for the jury during the trial. Appellant did not view the tape before presenting it to the jury and now alleges he was unsatisfied with the quality of the video, as the enlarged exhibits were not completely shown or were out of focus. The jury ultimately found against appellant's client.[1] Appellant did not pay Video's $1,087 charge for services rendered.
 {¶ 3} On August 26, 2004, Video filed a complaint in small claims court, stating that appellant owed $1,087 from October 12, 2001. Video stipulated that the deposition videotape did not completely show all of the medical record exhibits. Nonetheless, the magistrate viewed the tape in question. Appellant pointed to the instances when the exhibits were not properly shown, when background noise was heard on the tape, and when counsel stepped between the witness and the camera. Appellant also testified that he immediately made his dissatisfaction known to Video after the tape was played to the jury.
 {¶ 4} Video, on the other hand, testified that appellant went against the cameraman's advice in setting up the camera, exhibit easel and other equipment. Video also testified that many of the exhibits were hard to film because they were detailed and displayed rather quickly. Finally, Video denied that appellant expressed his dissatisfaction with the tape shortly after it was shown.
 {¶ 5} At trial, the magistrate found that Video should have alerted appellant that not all the exhibits were fully shown on the tape. However, the court found that "these incidents did not measurably detract from the witness' testimony." The court also found that appellant "gravely erred by not viewing the video himself before it was played for the jury." The court's findings noted that appellant was free to display the exhibits to the jury as the tape was being played or to submit copies of the exhibits to the jury for deliberation. The court further found that Video provided a valuable service to appellant, from which appellant derived a benefit; therefore, appellant must pay for this service on a theory of unjust enrichment. The magistrate awarded Video $1,087 in damages, and the court adopted the magistrate's order on April 26, 2005.
 II. {¶ 6} In his first assignment of error, appellant argues that "the judgment of the trial court is not a final appealable order." Specifically, appellant argues that Civ.R. 53(E)(4)(c) operates to stay execution of judgment in this case because the trial court did not dispose of his objections to the magistrate's decision, filed on April 28, 2005.
 {¶ 7} We first note that the standard of review for small claims court proceedings is abuse of discretion. Dinucci v.Lis, Cuyahoga App. No. 86223, 2005-Ohio-6730. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Civ.R. 53(E)(4)(c) states that,
"The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."
 {¶ 9} Appellant's assertion that the trial court did not rule on his objections to the magistrate's decision is simply not true. A cursory glance at the docket shows that on July 11, 2005, the trial court filed the following entry, which was mailed to appellant: "Pursuant to Civ.R. 53, defendant's objection to the magistrate's decision is overruled. Judgment entry of April 26, 2005, is to remain in full force and effect. Stay terminated. Defendant's motion to vacate is denied."
 {¶ 10} In the instant case, Civ.R. 53 has been satisfied, the judgment is a final appealable order, and appellant's first assignment of error is overruled.
 III. {¶ 11} In his second assignment of error, appellant argues that "plaintiff-appellee's complaint failed to state a claim against defendant-appellant upon which relief could be granted." Specifically, appellant argues that the complaint failed to allege why he owed Video $1,087. Appellant supports his argument with no case or statutory law.
 {¶ 12} In the instant case, Video's "Statement of Claim" reads as follows: "Defendant owes plaintiff the sum of $1,087 from October 12, 2001. The charges for the services were reasonable and in accordance with standard rates for this geographic area."
 {¶ 13} Civ.R. 1(C)(4) provides that the Ohio Rules of Civil Procedure do not govern the proceedings in small claims court when the civil rule is inconsistent with a special statutory provision. See, also, Price v. Westinghouse Elec. Corp. (1982),70 Ohio St.2d 131. R.C. 1925.04(A), which is the statutory provision that supercedes the civil pleading rules, states that a small claims court action must state only "the amount and nature of the plaintiff's claim." Recently, an Ohio court held that the following statement satisfied R.C. 1925.04: "Mr. Knight received payment on a settlement with Rafael Auto but still owes the Lazaro's [sic] $500.00." Lazaro v. Knight, Montgomery App. No. 20144, 2004-Ohio-4928. See, also, Wagner v. Dambrosio (Nov. 6, 1986), Cuyahoga App. No. 52142. Furthermore, in appellant's answer and counterclaim, which was filed on September 1, 2004, appellant admits that he "engaged the services of plaintiff to produce a video deposition of a medical expert for presentation at trial in a medical malpractice/wrongful death case." It is obvious that appellant was aware of the factual basis for Video's claim, and his assertion that Video failed to state a claim is not well taken. Appellant's second assignment of error is without merit.
 IV. {¶ 14} In his third assignment of error, appellant argues that "the judgment of the trial court was contrary to law." Specifically, appellant argues that the magistrate incorrectly shifted the burden to him to show whether he viewed the tape before playing it for the jury. Once again, appellant, who is a practicing lawyer, cites no relevant legal authority to support his argument.
 {¶ 15} The Ohio Supreme Court has held that "unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." Hummelv. Hummel (1938), 133 Ohio St. 520, 528. To establish unjust enrichment, a plaintiff must show the following: 1) a benefit conferred upon defendant by plaintiff; 2) knowledge by defendant of the benefit; and 3) the acceptance or retention by defendant of the benefit under circumstances that make it inequitable for defendant to retain the benefit without payment of its value.Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183.
 {¶ 16} In the instant case, the court found the following:
"Plaintiff provided a valuable service — videotaping a medical expert witness's deposition for more than three hours — to defendant. Although defendant was not satisfied in every respect with that service, and now unreasonably blames plaintiff's conduct in large part for his client's loss at trial, he derived a benefit from it, and now must pay for it."
 {¶ 17} There is nothing in the transcript indicating that the court shifted any burden to the defendant. The court simply applied the three-pronged test for unjust enrichment, and found that appellant was unjustly enriched by not paying Video for its services.
 {¶ 18} Appellant also argues that unjust enrichment was not pled by Video in its complaint; therefore, it was contrary to law for the court to decide the case on this legal theory. As mentioned earlier, the Civil Rules do not apply to cases in small claims court and a plaintiff is not required to allege a theory of law in his or her complaint. Appellant further argues that "[n]ot only was unjust enrichment never pled, but the statement that defendant-appellant derived a benefit from plaintiff-appellee's defective and unprofessional filming, is untrue and ludicrous." We disagree. The trial court did not abuse its discretion when it found that appellant derived a benefit from the videotape. Appellant was able to present an expert witness' testimony, via the videotape, that, without Video's services, he would otherwise have been unable to present. Appellant's third assignment of error is overruled.
 V. {¶ 19} In his fourth assignment of error, appellant argues that "the judgment of the trial court was against the manifest weight of the evidence." Appellant makes no new arguments under this assignment of error nor does he cite any legal authority. For the reasons stated previously, we overrule appellant's fourth assignment of error.
 VI. {¶ 20} In his fifth and final assignment of error, appellant argues that "the trial court denied defendant-appellant due process of law and the right to a fair trial." Specifically, appellant argues that the court abused its discretion when it denied him access to a copy of the videotape in question. Appellant argues that he was not able to properly prepare for trial without the tape because he did not have the opportunity to have an expert witness review the video to see if it fell below the standard of care. Appellant's argument fails for many reasons.
 {¶ 21} First, R.C. 1925.09 limits discovery in a small claims case to depositions and interrogatories only when taken by leave of court. "In small claims cases, pretrial discovery is expressly limited by R.C. Chapter 1925, which was intended to provide a simple, prompt, and informal procedure of little expense for adjudication in these types of cases." Mix v. Mix, Geauga App. No. 2003-G-2552, 2005-Ohio-2068. Furthermore, Evid.R. 101(C)(8) states that the Ohio Rules of Evidence, which govern the admissibility of evidence, as well as the use of expert witnesses, are not applicable to proceedings in small claims court.
 {¶ 22} In Mix, supra, the trial court denied the defendant's request for production of the contract upon which the matter being tried was based. The reviewing court found that there was no abuse of discretion in denying this request. The court also noted that "[h]ad appellant requested transfer of this case to the regular docket of the court, the full panoply of discovery tools would have been available."
 {¶ 23} In the instant case, the magistrate denied appellant's request for production of the videotape. Discovery in small claims court is not a matter of right and it is not governed by the same formal rules that apply to common pleas court. We also note that Video stipulated to the fact that some exhibits were not shown in the tape and, in addition to the stipulation, the magistrate viewed the tape during trial. Appellant does not show how he was prejudiced by not receiving a copy of the tape that he refused to pay for. Appellant's final assignment of error lacks merit and is overruled.
 {¶ 24} In summary, the staff notes for Evid.R. 101 state that a small claims court "is intended as a layman's forum." Appellant, being an attorney, knows this and understands that formal court rules do not apply to small claims proceedings. Nonetheless, he argues, time and time again, that the small claims court violated rules it need not adhere to. In addition, appellant was admonished by the magistrate for showing a videotape to the jury without ever having watched it himself. Apparently this warning fell upon deaf ears, for appellant raises one assignment of error based on a false assertion and his remaining four assignments of error are unsupported by legal authority and border upon the frivolous. We are aware that no determination of the frivolity of this appeal may be made pursuant to App.R. 23, because no such motion is pending before this court. See Nosal v. Szabo, Cuyahoga App. Nos. 83975 and 83974, 2004-Ohio-4076. However, appellant would be wise to act with caution in the future.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., concurs; Dyke, A.J., concurs in judgment only.
[1] Appellant appealed this decision, which we affirmed in Cuyahoga App. No. 81009. The issue of Video's alleged incompetence was not raised in that appeal.