[Cite as *Szaraz v. Automotive Specialties, Inc.*, 2016-Ohio-5232.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103305**

## JON SZARAZ

PLAINTIFF-APPELLEE

vs.

## AUTOMOTIVE SPECIALTIES, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil appeal from
Garfield Heights Municipal Court
Case No. CVI-1500376

**BEFORE:** Blackmon, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 4, 2016

-i-

**ATTORNEY FOR APPELLANT**

Robert N. Pelunis
P.O. Box 39242
Solon, Ohio 44139


**FOR APPELLEE**

Jon Szaraz, pro se
9730 Charles Drive
Valley View, Ohio 44125

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Automotive Specialities, Inc. ("ASI") appeals the Garfield Heights Municipal Court's award of $160 plus interest in favor of appellee Jon Szaraz ("Szaraz")[1] and assigns the following five errors for our review:

I.   The trial court improperly denied objections to evidence in this matter.

II.   The trial court improperly allowed evidence to be admitted that was not authenticated and/or supported by testimony at trial of this matter.

III.   The trial court improperly awarded judgment in favor of appellee and against appellant against the manifest weight of the evidence.

IV.   The court improperly dismissed [the] counterclaim.

V.   The trial court did not fully follow its own rules of procedure in not requiring appellee to provide two invoices for repair to his vehicle.

{¶2} Having reviewed the record and relevant law, we affirm the trial court's judgment. The apposite facts follow.

{¶3} Szaraz filed a pro se complaint in the Garfield Heights Municipal Court, Small Claims Division, alleging that (1) ASI charged him more than double the amount of the estimate to repair his vehicle, (2) ASI caused additional damage to the vehicle, and (3) additional repairs were needed.

---

[1]This case was originally dismissed for lack of a final appealable order due to the trial court's failure to file findings of fact. The appeal was reinstated once the findings of fact were filed. No appellee's brief was filed.

**{¶4}** The manager of ASI, Benny Scaglione ("Scaglione"), responded by filing a pro se motion to dismiss arguing that because he was an employee of ASI he could not be personally liable for damages. An unsigned letter was also filed, presumably by someone on behalf of ASI, in which it was explained that (1) once work was commenced on Szaraz's vehicle, it was discovered it was in worse condition than anticipated and needed extensive repairs; (2) Szaraz authorized the additional work; (3) the original total cost of repairs was $734.40, but ASI only charged Szaraz $361.80; (4) ASI was rescinding the discount and was "counter-suing" for the unpaid additional labor and cost for preparing for trial, for a total amount of $808.60; and (5) ASI denied any additional damage occurred to the vehicle.

**{¶5}** On March 23, 2015, the matter was heard before a magistrate. The magistrate awarded Szaraz $160. ASI obtained counsel, who requested findings of fact and conclusions of law, and filed objections to the magistrate's decision. The trial court found merit to ASI's objections and refused to adopt the magistrate's report. The matter was set for a new hearing before the trial court. Afterward, the trial court issued the following findings of fact:

> The Plaintiff took his vehicle to the Defendant Benny's Automotive Specialities, Inc. also known as Automotive Specialities, Inc. (hereinafter "ASI") for repair. The Defendant Benny Scaglione (hereinafter "Scaglione") is the manager of ASI but ASI is an Ohio Corporation. Scaglione quoted $150 for the work to be completed with the Plaintiff providing a necessary part for the repair. No mention of the time and material was discussed. When the Plaintiff went to retrieve his vehicle, Scaglione charged him a total of $361.80 for extra parts and labor.

Scaglione would not release the vehicle to the Plaintiff without full payment. The Plaintiff had a contract that day to plow snow and this was known to Scaglione. In order to avoid defaulting on the snow removal contract, Plaintiff paid ASI the sum of $361.80.

Plaintiff submitted no evidence to support his claim that ASI caused additional damage to his vehicle.

ASI submitted no convincing evidence that Plaintiff agreed to pay in excess of $150.00. The fact that ASI may have worked more hours than expected to make the repair which was the subject of the contract does not establish a contract for the additional amount claimed in ASI's counterclaim.

Findings of Fact and Conclusions of Law, May 10, 2016, at 1.

{¶6} The trial court then decided as follows:

1. ASI breached the contract with the Plaintiff by charging the Plaintiff $132 for removal of rusty bolts and $28.00 for a part previously supplied by the plaintiff. Plaintiff is entitled to judgment in the amount of $160.00 against ASI only.

2. Scaglione is not liable for the contract between ASI and Plaintiff.

3. Plaintiff failed to prove that ASI caused any additional damage to the vehicle.

4. ASI presented no credible evidence to support its counterclaim as the Plaintiff never agreed to pay more than $150.00 for ASI's services.

Findings of Fact and Conclusions of Law, May 10, 2016, at 2.

**Admission of Estimate**

{¶7} Because ASI's first and second assigned errors are interrelated, we will address them together. ASI argues that the trial court erred by allowing Szaraz to present the unauthenticated estimate of "Jim's Auto."

**{¶8}** The general rules of evidence do not apply to small claims proceedings. Evid.R. 101(C)(8). As the Ohio Supreme Court explained:

> [B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged. The process is an alternative to full-blown judicial dispute resolution.

*Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15. Thus, the fact that the estimate was unauthenticated would not prevent it from being admitted in small claims court.

**{¶9}** Moreover, the estimate was presented by Szaraz to prove that ASI damaged his vehicle when performing the repairs. The trial court concluded that no additional damage occurred and did not award Szaraz damages based on this claim. The trial court's award was based on the oral agreement between Szaraz and ASI that ASI would repair the vehicle for $150. Thus, an estimate was not necessary to prove these damages. Therefore, any error that occurred as a result of the admission of the estimate was harmless. ASI's first and second assigned errors are overruled.

## Manifest Weight of the Evidence

**{¶10}** In its third assigned error, ASI argues that the trial court's judgment is against the manifest weight of the evidence.

**{¶11}** Judgments supported by some competent and credible evidence going to all of the elements of the claim will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578

(1978).  This includes judgments rendered in small claims court.  *Stull v. Budget Interior*, 7th Dist. Belmont No. 02 BA 17, 2002-Ohio-5230, ¶ 18. The trier of fact in a bench trial can choose which reasonable interpretation of the evidence is more credible, because the trier of fact is in the best position to weigh the evidence and judge the credibility of witnesses.  *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79, 461 N.E.2d 1273 (1984).

{¶12} ASI contends that the evidence showed that Szaraz authorized and approved revisions to the quoted repair costs because Szaraz testified that Scaglione told him that the quoted amount for the repairs was going to be higher and that he gave Scaglione permission to proceed.

{¶13} Our review of the record shows that Szaraz stated that he only expected the costs to be a few dollars higher because Scaglione saw the rust and condition of the vehicle when Szaraz dropped the vehicle off for repair.  He testified that Scaglione told him that "[w]e've run into some rusty bolts.  It's going to be a little bit longer.  It might be a few dollars extra."  Tr. 15.  Szaraz also testified that he told Scaglione to "be nice. He said it would be a few extra dollars."  Tr. 23.  He admitted that he initialed the repairs when he picked up the truck, but that he "basically [was] strong armed into doing that or I wouldn't get my truck."  Tr. 28.

{¶14} Although Scaglione testified that he told Szaraz that the repairs would be extensive, the trial court obviously found Szaraz to be the more credible witness. Accordingly, ASI's third assigned error is overruled.

## Counterclaim

**{¶15}** In its fourth assigned error, ASI argues that the trial court improperly dismissed its counterclaim for $808.60.

**{¶16}** The trial court did not dismiss ASI's counterclaim. The trial court found that ASI presented no "credible evidence" that Szaraz agreed to pay more than $150 for ASI's services. As we stated above, it was within the factfinder's discretion to determine the credibility of the witnesses.[2] Accordingly, ASI's fourth assigned error is overruled.

## Two Estimates and Title

**{¶17}** ASI argues that the trial court failed to follow its own rules of procedure set forth on the small claims complaint form regarding presenting two estimates and the title of the car.

**{¶18}** The caption on the complaint specifically states:

In ALL cases involving automobile damages, the OWNER of the car, NAME TITLE IS IN, MUST file against the DRIVER of the other vehicle. OWNER MUST BRING TITLE AND TWO(2) ESTIMATES.

**{¶19}** Because the caption alludes to the "driver of the other vehicle" this applies to circumstances where an automobile accident has occurred. It does not apply when the plaintiff is alleging negligent repair or overcharging for a repair.

---

[2]We note that ASI relies on a quote by the magistrate from the previous hearing to show that the court dismissed the counterclaim. However, the trial court found merit to Szaraz's objections to the magistrate's decision and did not adopt the magistrate's decision.

**{¶20}** ASI also contends that the VIN number on ASI's receipt did not match the VIN number on the title presented by Szaraz. The numbers only differed by two digits, which indicates it is likely that a mistake occurred when the number was written on the receipt. There was no contention at the trial that two different vehicles were being compared. Accordingly, ASI's fifth assigned error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR