[Cite as *McIntyre v. Landscape Mgt. & Design, Inc.*, 2026-Ohio-1560.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STEDSON MCINTYRE,                           :

    Plaintiff-Appellant,            :

                                    No. 115539

    v.                              :

LANDSCAPE MANAGEMENT &
DESIGN, INC.,                               :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED**: April 30, 2026

---

Civil Appeal from the Lyndhurst Municipal Court
Case No. CVI2503855

---

### *Appearances:*

Stedson McIntyre, *pro se.*

Robert Edelstein, *for appellee.*

TIMOTHY W. CLARY, J.:

{¶ 1} Plaintiff-appellant Stedson McIntyre ("McIntyre") appeals from the Lyndhurst Municipal Court's September 3, 2025 order that dismissed his complaint with prejudice and entered judgment in favor of defendant-appellee Landscape

Management & Design, Inc. ("Landscape Management"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Pursuant to a snowplowing contract executed between McIntyre and Landscape Management on September 25, 2024, Landscape Management agreed to plow McIntyre's residential driveway for the 2024-2025 winter season.

{¶ 3} Relevant to this case, six lights were positioned along the north and south edges of McIntyre's driveway, with 12 lights in total; a video camera was mounted on the garage that recorded activities on the driveway. On February 16, 2025, Landscape Management's driver plowed McIntyre's driveway and allegedly struck and damaged five of the lights located on the north side of the driveway. McIntyre testified that he found the broken lights scattered on his lawn. On February 27, 2025, McIntyre sent a copy of a video recording to Landscape Management's owner that allegedly showed the company's driver damaging the driveway lights; the parties did not resolve the issue.

{¶ 4} On March 17, 2025, McIntyre filed a small claims complaint with the Lyndhurst Municipal Court seeking judgment in the amount of $650, plus interest and costs. A magistrate conducted a hearing on the complaint on May 22, 2025. McIntyre represented himself, and counsel appeared on Landscape Management's behalf.

{¶ 5} McIntyre testified consistently with the above facts. He also testified that he contacted Landscape Management by text message and notified the

company about the damaged lights, but he received no response, and McIntyre approached the snowplow driver who denied causing the damage.

{¶ 6} McIntyre introduced pictures depicting all 12 lights intact. He also introduced an undated picture portraying lights only on the south side of the driveway. Using his cell phone, McIntyre played the February 16, 2025 video recording depicting the snowplow driver clearing the snow from the driveway.[1] The video recording shows all 12 lights intact before the snowplow cleared the driveway. The truck drives up and down the driveway several times to clear all the snow; the driver never travels off the driveway. After the driveway is cleared, five of the lights on the north side of the driveway appear to have been covered in snow that was displaced when the snowplow cleared the driveway. The video does not show broken lights scattered on the lawn.

{¶ 7} The owner of Landscape Management testified that McIntyre did not provide him with "definite proof" that his driver damaged the lights and he was never shown the broken lights. Landscape Management introduced a picture of McIntyre's text message asking for $76 plus shipping to replace his damaged driveway lights, and the company's reply text that requested a better-quality video, a picture that clearly depicted the damage, and a purchase receipt for the lights. The parties stipulated that the price of the replacement lights was $54 for a package of four lights.

---

[1] The video recording was played at the hearing but not admitted into evidence.

{¶ 8} After watching the video, the magistrate engaged in the following exchange with McIntyre:

COURT: Well, there's a light that's upright by the pole, right there.

MCINTYRE: Yes, we're represented.

COURT: That one's still there.

MCINTYRE: That one's definitely still there.

COURT: So five are down or covered in snow. Knocked down. . . .

Tr. 13.

{¶ 9} Following the hearing, the magistrate issued the following decision:

Plaintiff presented testimony and admitted Plaintiff's Exhibits 1-3. Defendant presented testimony and admitted Defendant's Exhibit F.

After careful review of the testimony presented and evidence, the Court enters judgment in favor [of] Defendant and hereby dismisses Plaintiff's Complaint with prejudice, at Plaintiff's costs.

May 27, 2025 Judgment entry. At McIntyre's request, the magistrate issued findings of fact and conclusions of law on June 10, 2025, that stated, in relevant part:

**FINDINGS OF FACT**

[McIntyre]'s Complaint states that six light posts were damaged by [Landscape Management]. During testimony, [McIntyre] testified that only five light posts were damaged. [McIntyre] did not provide any photographic evidence of the damage to the lights. . . .

The [garage] video that was offered by [McIntyre] and viewed by the Court and [Landscape Management] clearly depicted a truck, stipulated to belong to [Landscape Management], plowing the snow from [McIntyre]'s driveway. The video does not show [Landscape Management] veering off the normal path of the driveway or any portion of the [Landscape Management]'s vehicle making contact with any of the lights or driveway stakes. [Landscape Management]'s

vehicle and plow remained within the edges of the driveway as marked by the driveway stakes. However, when the truck completed plowing the driveway, only one of the six driveway light posts on the left remained visible. The Court find that the others were covered by snow, as they would be in the normal course of plowing snow from a driveway.

## CONCLUSIONS OF LAW

[McIntyre]'s claim for relief is based on damage to his personal property as a result of what is alleged to be the negligence of [Landscape Management]. It is well settled law in Ohio that the elements of an ordinary negligence suit are (1) existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach. *Wallace v. Ohio DOC*, (2002) 96 Ohio St.3d 266. The duty to perform contracted services in a workmanlike manner is implied by law. *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 518 N.E.2d 18. In order to prevail, [McIntyre] must establish that Landscape Management breached its duty to use ordinary care when performing the snow plowing services. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376. In the instant matter, the Court finds there was no negligence, as [Landscape Management] used ordinary care when plowing [McIntyre]'s driveway.

Magistrate's decision, June 10, 2025.

{¶ 10} McIntyre filed objections to the magistrate's decision. On August 6, 2025, the municipal judge overruled the objections; on the same date, the court adopted the magistrate's decision, dismissed McIntyre's complaint with prejudice, and entered judgment in favor of Landscape Management.

{¶ 11} On September 8, 2025, McIntyre filed a notice of appeal, and he now presents two assignments of error. On September 29, 2025, McIntyre filed with this court a motion to supplement the record with a copy of the video recording obtained from his garage camera that was shown at the Lyndhurst Municipal Court

hearing and was referenced in the magistrate's decision.  On October 27, 2025, this court granted McIntyre's motion, in part:

> A review of the transcript indicates that the video was shown at the hearing and no objection was made.  Additionally, the video was referenced in the magistrate's decision.  Therefore, the video was considered in determining the judgment.  The Ohio Rules of Evidence do not apply to proceedings in a small claims court and "the judges/magistrates in small claims courts are afforded more discretion in their use and acceptance of the evidence presented in an action before them" *Dinucci v. Lis*, 2005-Ohio-6730, P5 (8th Dist.), citing *Jones v. Cynet, Inc.*, 2002-Ohio 2617 (8th Dist.).  However, only that portion of the video shown to the trial court may be supplemented to the record.

Oct. 27, 2025 Judgment entry.  McIntyre subsequently filed a copy of the video recording.

**Legal Analysis**

{¶ 12} Initially, we note that McIntyre acted pro se before the municipal court and represents himself pro se on appeal.  This court has previously recognized

> a pro se litigant may face certain difficulties when choosing to represent oneself.  Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.).  Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).  Thus, we presume McIntyre had knowledge of the law, legal procedures, and appellate process regarding his burden of demonstrating error on appeal.

{¶ 13} In his first assignment of error, McIntyre argues that the municipal court misapplied the law when it determined Landscape Management did not

breach its duty of care. He argues that the municipal court abused its discretion when it denied him access to the court's Wi-Fi system and, accordingly, prevented him from playing the full video recording that allegedly showed Landscape Management's driver destroying the driveway lights. McIntyre further argues that the municipal court abused its discretion when it allegedly instructed the court bailiff to pause the recording device during the hearing and then asked McIntyre whether he destroyed his own lights and sought payment from Landscape Management for their replacement. In his second assignment of error, McIntyre argues that the court's judgment was against the manifest weight of the evidence. He also contends that the municipal court abused its discretion when it stated the February 16, 2025 video recording was obtained from his doorbell recording device, rather than his garage recording device. McIntyre also argues Landscaping Management admitted liability when it engaged in settlement negotiations. For ease of discussion, we will address the assigned errors collectively.

{¶ 14} "[I]n a civil appeal from a bench trial, we apply a manifest weight standard of review, guided by a presumption that the trial court's findings are correct." *3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, ¶ 19 (8th Dist.), citing *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 79-80 (1984). "This includes judgments rendered in small claims court." *Szaraz v. Automotive Specialties, Inc.*, 2016-Ohio-5232, ¶ 11 (8th Dist.), citing *Stull v. Budget Interior*, 2002-Ohio-5230, ¶ 18 (7th Dist.). "'Following a bench trial, a reviewing court will generally uphold a trial court's judgment as long as the manifest weight of the

evidence supports it — that is, as long as "some" competent and credible evidence supports it.'" *Patel v. Strategic Group, L.L.C.*, 2020-Ohio-4990, ¶ 20 (8th Dist.), quoting *MRI Software, L.L.C. v. W. Oaks Mall FL, L.L.C.*, 2018-Ohio-2190, ¶ 12 (8th Dist.).

> Where, however, the trial court's decision is based upon a question of law, we review the trial court's determination of that issue de novo. *See, e.g., Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 34 ("Courts review questions of law de novo."). "A finding of an error of law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal* at 81.

*3637 Green Rd. Co.* at ¶ 19.

{¶ 15} To succeed on a claim for negligence, a plaintiff must prove that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury." *Bailey v. River Properties*, 2006-Ohio-3846, ¶ 9 (8th Dist.), citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680 (1998). *See Wallace v. Ohio DOC*, 2002-Ohio-4210, ¶ 22.

{¶ 16} The parties did not dispute that Landscape Management had a duty to perform the snowplowing services in a workmanlike manner. *Barton v. Ellis*, 34 Ohio App.3d 251, 252 (10th Dist. 1986). The issue was whether Landscape Management breached its duty. The municipal court found that the evidence and testimony demonstrated there was no breach of duty because Landscape Management used ordinary care when it performed its snowplowing duties, and we agree.

{¶ 17} After hearing the testimony and reviewing the evidence, the municipal court found the reasonable and credible interpretation was that (1) the snowplow driver never veered off the path of the driveway and (2) following the completion of the snow-plowing activities, five of the lights on the north side of the driveway were obscured by the snow displaced by the snowplow truck. Further, the video recording depicted the events of February 16, 2025, as described by the municipal court. Reviewing under a manifest-weight standard, we find there is competent, credible evidence to support the municipal court's judgment.

{¶ 18} A court speaks through its journal entries. The magistrate's statement during the hearing that the northern driveway lights were covered in snow or knocked down was not a determination that Landscape Management breached its duty of care and damaged the lights, but a statement of the court's observations. The magistrate's decision, which was adopted by the court, was issued on June 10, 2025, and clearly stated that the magistrate determined the lights were obscured by snow.

{¶ 19} McIntyre questions the municipal court's failure to facilitate the viewing of his video recording via the court's Wi-Fi system. The record shows that the magistrate was unfamiliar with how to access the court's Wi-Fi system, but, alternatively, allowed McIntyre to play his video recording on his phone. Nothing in the transcript indicates that the court limited McIntyre's presentation of the video recording or that McIntyre objected to the court's actions. Lastly, the municipal court's describing the video as being secured from McIntyre's doorbell recording

device rather than his garage recording device was irrelevant, inconsequential, and was not an abuse of discretion.

{¶ 20} McIntyre contends in his reply brief that Landscape Management breached its contract when it damaged his driveway lights, but "a party may not advance new arguments in its reply brief." *Naiman Family Partners, L.P. v. Saylor,* 2020-Ohio-4987, ¶ 25 (8th Dist.), citing *In re Fuel Adjustment Clauses for Columbus S. Power Co.,* 2014-Ohio-3764, ¶ 39, and *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.,* 2013-Ohio-2742, ¶ 13 (10th Dist.). Further, McIntyre's argument that the municipal court abused its discretion when it made statements to him outside the record needed to be presented to this court through an App.R. 9(C) statement, and absent such a statement we will not consider the argument. McIntyre also argues that Landscape Management admitted to liability when it attempted to negotiate a settlement. However, parties are prohibited from introducing evidence of settlement negotiations to prove liability. *See* Evid.R. 408; *Werts v. Goodyear Tire & Rubber Co.,* 2009-Ohio-2581, ¶ 40 (8th Dist.). ("Under Ohio Evid.R. 408, admission of evidence of settlements or settlement negotiations is prohibited when offered to prove liability, the invalidity of a claim, or the amount of a claim.").

{¶ 21} For the foregoing reasons, we affirm the municipal court's judgment and overrule McIntyre's first and second assignments of error.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

LISA B. FORBES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR