DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Patrick McStay, appeals from the judgment of the Akron Municipal Court. This Court affirms.
 I. {¶ 2} Appellee, Don Miller, sued his former landlord, Appellant, for the return of his security deposit. In response, Appellant filed a document with the court entitled "friend of the court brief/statement of fact" [sic] in which he stated he was no longer the owner of the rental property at issue, and the case was wrongfully filed against him. Appellant did not include a copy of the sales agreement, or any evidence showing that the property was, in fact sold, nor did he include any evidence showing that, if the property was sold, the new owner had accepted the liability of returning security deposits.
 {¶ 3} On July 13, 2005, Appellant received notice stating that the court scheduled a hearing on the claim for August 13, 2005. The notice also stated that if Appellant failed to appear at the hearing, judgment may be entered against him by default. The magistrate conducted a hearing on August 13, 2005. Appellant did not appear. On August 22, 2005, the magistrate issued a decision in favor of Appellee in the amount of $970, plus interest from the date of judgment. On September 1, 2005, Appellant filed objections to the magistrate's decision, and again did not attach any evidence. On September 15, 2005, the Akron Municipal Court upheld the magistrate's decision. However, the trial court did not specifically enter judgment in favor of either party. On May 10, 2006, this Court dismissed Appellant's appeal for lack of a final judgment. The trial court entered an order nunc pro tunc entering judgment in favor of Appellee. Appellant timely appealed from the trial court's judgment, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY ENTERING DEFAULT JUDGMENT WHEN APPELLANT HAD ANSWERED [APPELLEE'S] COMPLAINT."
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred by entering default judgment when Appellant had answered Appellee's complaint. We disagree.
 {¶ 5} A trial court's decision to grant default judgment is reviewed under an abuse of discretion standard. National City Bank v.Shuman, 9th Dist. No. 21484, 2003-Ohio-6116, at ¶ 6. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. Under this standard, an appellate court may not substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} Appellant contends that the trial court erred in granting default judgment because he had entered a responsive pleading. Appellant asserts that under Civ.R. 55, default judgment cannot be rendered against a party who has answered a complaint. He argues that the trial court erroneously cited to Local Rule 36 in support of its judgment because Local Rule 36 does not apply to this matter. He alternatively argues that if Local Rule 36 applies, it is in conflict with Civ.R. 55(A) and is therefore invalid. We find no merit in either contention.
 {¶ 7} Local Rule 36 provides that each case filed in the Small Claims Division of the Akron Municipal Court "shall be scheduled for a mandatory mediation hearing with the Court's Mediation Program[.]" Pursuant to Local Rule 36(E), "[i]f the defendant fails to appear, then a judgment by default may be entered[.]"
 {¶ 8} "R.C. Chapter 1925 sets out procedures for the small claims division of the municipal court. Pursuant to R.C. 1925.16, the Ohio Rules of Civil Procedure apply to actions in the Small Claims Court to the extent they are not inconsistent with the procedures provided in R.C. Chapter 1925." Shokles v. Beatley (Dec. 19, 1995), 10th Dist. No. 95APG05-665, *2. Under R.C. 1925.05(A), small claims courts are permitted to enter default judgment where a defendant fails to appear at a hearing. Id. at *3. Default judgment may be entered against a defendant who fails to appear at a hearing regardless of whether the defendant answered the complaint, as "no answer is required of a defendant in the small claims division." Id. "R.C. 1925.05(A) * * * suggests the failure to appear at hearing constitutes an admission of liability, much as the failure to file an answer in the general division of the municipal court constitutes an admission of liability." Id.
 {¶ 9} Here, the record reflects that Appellant received notice on July 13, 2005 that default judgment could be entered against him if he failed to attend the August 13, 2005 hearing. This notice included the language required under R.C. 1925.05(A) for notifying a person that judgment may be entered against him or her for default.
 {¶ 10} Appellant contends that Local Rule 36 does not apply because this rule governs mediation and there is no evidence that the August 13 hearing was a mediation. Contrary to Appellant's assertion, Local Rule 36 provides for "mandatory mediation hearing^]". Pursuant to Local Rule 36
 "The following shall apply to all Small Claims mediation hearings:
 "(A) All parties shall attend;
 "(B) Participation by the parties in the hearing is mandatory;
 "(C) The purpose is to attempt to resolve the dispute between the parties;
 "(D) If the plaintiff fails to appear, the claim may be dismissed without prejudice;
 "(E) If the defendant fails to appear, then a judgment by default may be entered;
 "(F) If the dispute cannot be resolved, then a trial shall be scheduled on the claim."
Had Appellant attended the mandatory mediation hearing, the court would have conducted a mediation. Because Appellant was absent, the court was unable to mediate the dispute and instead held a hearing wherein Appellee presented his evidence. Pursuant to Local Rule 36, the small claims court had authority to grant default judgment against Appellant for his failure to appear at the August 13, 2005 mandatory mediation hearing, despite the fact that he filed a response to the complaint.
 {¶ 11} We next examine Appellant's contention that Local Rule 36 conflicts with Civ.R. 55(A) and is therefore invalid. Civ.R. 1(C) provides that the Civil Rules "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedures * * * (4) in small claims matters under Chapter 1925, Revised Code[.]" Civ.R. 55(A) provides, in relevant part:
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 12} In McDonough v. Noble (June 17, 1981), 7th Dist. No. 80 CA 96, the Seventh District Court of Appeals examined the interplay between the civil rules of procedure, statutes, and small claims court. The court, quoting Harshal v. Farrell (1977), 55 Ohio App.2d 246, 247, explained that:
 "The Civil Rules should be held clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was provided in the special statutory action." McDonough, at *2.
The McDonough court further explained that the basic statutory purpose of small claims court is to provide a "simple, inexpensive and just way for individuals to resolve small financial disputes with a minimum of legal technicalities." Id., quoting Toledo Small Claims Court (1975), 6 Toledo L. Rev.397, 399. We find the Seventh District's characterization of small claims courts particularly relevant:
 "The distinguishing characteristic of the small claims court is the informality of the proceedings. Because strict legal rules and technicalities are not observed, it is usually not necessary for a litigant to retain counsel. The result is that claims involving small amounts of money can now be litigated quickly and inexpensively.
 "`The small claims action does not contemplate the use of a formal complaint prepared by a lawyer or an answer or elaborate discovery procedures. Indeed, the small claims procedure encourages two citizens to argue their differences informally before a referee. The Rules of Civil Procedure are generally not designed for a small claims proceedings, hence the exclusionary language under Rule 1(C).'" Id. at *3, quoting West's Ohio Practice, Volume 8, Page 140.
 {¶ 13} Upon review, we find Civ.R. 55(A), by its nature, inapplicable to small claims matters. Local Rule 36 provides a quick, inexpensive means of resolving disputes. Civ.R. 55(A) is more complex, requiring consideration of whether the party against whom default judgment is sought has appeared in the action, and if so, the party must "be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 14} Our sister courts have examined Rule 55(A) with respect to small claims courts and have reached this same conclusion. SeeSheaff v. Conese, 12th Dist. No. CA-2001-10- 242, 2002-Ohio-5607 (finding that vendors' pending motion to dismiss home purchaser's claims did not preclude small claims court from rendering default judgment against vendors who failed to appear for trial and civil procedure rule regarding service of notice of application for default judgment did not apply to small claims court); Shokles, supra (finding that in small claims court, default judgment may be entered against a party who fails to appear at a hearing); Schafer v. McNeill Ent. (Sept. 26, 1984), 4th Dist. No. 1071 (finding Civ.R. 55 "inapplicable to small claims matters").
 {¶ 15} Local Rule 36 furthers the small claims court's statutory purpose of providing a simple, inexpensive means of resolving a dispute with few legal technicalities. The record reflects that judgment against Appellant was appropriate as a result of his failure to appear at the August 13, 2005 hearing. We find no abuse of discretion in the trial court's decision to grant default judgment against Appellant pursuant to Local Rule 36. Appellant's sole assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. WHITMORE, J. CONCUR