[Cite as *First Data Merchant Servs. Corp. v. Wright*, 2013-Ohio-2791.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FIRST DATA MERCHANT SERVICES
CORP.

     Appellee

     v.

TONY WRIGHT, et al.

     Appellant

C.A. No.     26622


APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     05 CV 9899

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

---

HENSAL, Judge.

{¶1} Defendant-Appellant, Tony Wright dba Wright's Menswear, appeals from the judgment of the Akron Municipal Court denying his motion to vacate judgment. For the reasons set forth below, this Court vacates and remands for proceedings consistent with this opinion.

I.

{¶2} On August 30, 2005, Plaintiff-Appellee, First Data Merchant Services Corporation ("First Data") filed a complaint against the Defendant-Appellant, Tony Wright dba Wright's Menswear ("Wright"). The Akron Municipal Clerk of Courts sent the complaint with summons (hereinafter "Complaint") to Wright at the address listed on the complaint via certified mail. The address listed for Wright on the complaint was a residential property located at 1135 Grant Street in Akron. The complaint was subsequently returned to the court unclaimed. At First Data's request, the Clerk of Courts resent the complaint to Wright at the same Grant Street address via ordinary mail. There is no indication in the record that the complaint sent by

ordinary mail was returned to the court as undeliverable. Thereafter, a default judgment was entered against Wright on November 17, 2005, in the amount of $6,859.56 plus interest and court costs.

{¶3} First Data filed a motion to revive the judgment on August 9, 2011. The court issued a "Conditional Order for Revivor" that set the motion for a hearing. The order also required that Wright be served with a copy of the order "at the address indicated on the attached [p]raecipe." The address listed on the praecipe was located at Chapel Hill Mall, which was Wright's business location. The order was sent via certified mail, but was returned to the court as unclaimed and unable to be forwarded.

{¶4} First Data filed a second motion to revive the judgment on October 26, 2011. The court again issued a conditional order of revivor that set the motion for a hearing and required that Wright be served with a copy of the order. The order was sent via certified mail to the same Chapel Hill Mall address, and successfully delivered. The return receipt indicates the mailing was accepted by someone with the last name of "Townsend." Neither First Data nor Wright appeared for the hearing, which was reset for a later date.

{¶5} First Data filed a third praecipe on January 13, 2012, that requested Wright be served with notice of the rescheduled hearing at the same Chapel Hill Mall address. The certified mail was returned to the court unclaimed and unable to be forwarded. First Data then requested that Wright be served via ordinary mail at the Chapel Hill Mall address. There is no indication in the record that the hearing notice sent by ordinary mail was returned as undeliverable. The court issued an entry reviving the judgment on March 16, 2012.

{¶6} On April 9, 2012, a writ of execution on the judgment was issued to the court's bailiff to levy Wright's personal property located at the Chapel Hill Mall business address. The

bailiff levied the property on May 15, 2012. Wright asserts that he did not know about the judgment until the bailiff came to his business to levy the property. He requested an exemption hearing, which was held by a magistrate on July 18, 2012. On July 19, 2012, the magistrate issued a decision that permitted the sale of some of the levied property.

{¶7}  On July 27, 2012, Wright filed a motion to vacate the default judgment order and to stay further execution on the judgment. The court denied the motion on August 14, 2012, without holding a hearing or providing any analysis of its basis for the denial. One day after the court issued its decision, First Data filed a response in opposition to Wright's motion to vacate. Wright filed a request for findings of fact and conclusions of law on September 5, 2012. On September 11, 2012, he filed a notice of appeal of the August 14, 2012 order denying his motion to vacate. The trial court issued findings of fact and conclusions of law on September 13, 2012, which was two days after Wright filed his notice of appeal to this Court. Wright presents three assignments of error for our review. This Court rearranges and combines some of his assignments of error to facilitate our analysis.

## II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING WRIGHT'S MOTION TO VACATE JUDGMENT BY FINDING THAT GOOD AND VALID SERVICE HAD BEEN OBTAINED ON WRIGHT WHEN THERE WAS NO EVIDENCE PRESENTED BY FIRST DATA TO CONTRADICT WRIGHT'S SWORN STATEMENT THAT NO COMPLAINT HAD BEEN SERVED UPON HIM.

{¶8}  Wright argues that the trial court erred in denying his motion to vacate the default judgment because First Data offered no evidence to rebut his assertion made in his affidavit that he never received a copy of the complaint. This Court agrees.

{¶9} "Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo." *First Merit Bank, N.A. v. Wood*, 9th Dist. No. 09CA009568, 2010-Ohio-1339, ¶ 5, quoting *Eisel v. Austin*, 9th Dist. No. 09CA009653, 2010-Ohio-816, ¶ 8.

{¶10} A trial court must have personal jurisdiction over a party in order to properly enter judgment against that party. *Id.* at ¶ 6. "This Court has held that a trial court 'lacks jurisdiction to consider a complaint where service of process was defective, and any judgment rendered on the complaint is void ab initio.'" *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions, LLC*, 9th Dist. No. 24699, 2010-Ohio-418, ¶ 13, quoting *Keathley v. Bledsoe*, 9th Dist. No. 19988, 2001 WL 111571, *1 (Feb. 7, 2001). This Court must first determine if service of process of the complaint on Wright complied with the applicable Civil Rules.

{¶11} Civil Rule 4.1(A) authorizes service of the complaint via United States certified mail. If the certified mail is returned unclaimed, Civil Rule 4.6(D) provides that the serving party may file a written request for ordinary mail service. The rule further provides that on the request of the serving party, the clerk shall mail a copy of the summons and complaint to the defendant via ordinary mail. Civ.R. 4.6(D). The clerk must then submit a certificate of mailing as evidence of the mailing. *Id.*

{¶12} In the case sub judice, First Data attempted to serve Wright with a copy of the complaint by certified mail at the Grant Street address. The complaint was subsequently returned to the court unclaimed. First Data then requested that Wright be served at the Grant Street address via ordinary mail. The court's docket indicates that the complaint was mailed to Wright at the Grant Street address via ordinary mail on September 28, 2005. There is no indication in the record that the complaint sent via ordinary mail was returned to the court as undeliverable. "There is a presumption of proper service in cases where the Civil Rules on

service are followed." *Wood* at ¶ 8, quoting *Jacobs v. Szakal*, 9th Dist. No. 22903, 2006-Ohio-1312, ¶ 14. The record reflects that First Data complied with the applicable Civil Rules when it served Wright. "However, this presumption is rebuttable by sufficient evidence." *Id*., quoting *Jacobs* at ¶ 14.

{¶13} Wright maintains in his motion to vacate that he should have been served at his business address rather than what was his last known personal address on Grant Street because he did not enter the agreement in his personal capacity but rather, on behalf of the business. However, that distinction is not dispositive of this case, given that Wright's sworn affidavit contains his testimony that he was never served with the summons and complaint at his residence or business. On the original agreement between the parties signed in 1997, Wright listed the Grant Street address as his home address and an address on Romig Road in Akron as his business address. In support of his motion, Wright submitted an affidavit wherein he stated that, "I have never been served with a copy of a summons and/or complaint involving Wright's Menswear, Inc. or myself (sic) personally at either my residence or the corporate address." He further averred that he did not know about this case until the court's bailiff appeared at the store to levy items in execution of the judgment.

{¶14} This Court's precedent set forth in *Wood*, 2010-Ohio-1339, is dispositive of this case. In *Wood*, the creditor attempted to serve the debtors via certified mail at their home address. When the certified mail was returned unclaimed, the debtors were served via ordinary mail pursuant to Civil Rule 4.6(D) at the same address. Over two years after the court granted default judgment, the debtors filed a motion to vacate the judgment. The debtors attached affidavits to their motion that averred they never received a copy of the summons or complaint. The debtors never, however, argued that they did not live at the address listed in the complaint.

This Court found that the creditor's affidavit submitted in opposition, which stated that the complaint was sent to the debtors' current address, did not contradict the debtors' statements that they did not receive service of the complaint. *Id*. at ¶ 9. This Court concluded that service on the debtors was ineffective based on the fact that the creditors did not rebut, by affidavit or by requesting a hearing to cross examine the debtors' on their assertions, that they never received service. *Id*.

{¶15} Similarly in this case, First Data did not rebut the assertions made in Wright's affidavit that he never received service. Wright submitted his motion to vacate on July 27, 2012. The court issued an order denying his motion on August 14, 2012. First Data did not submit a response in opposition to Wright's motion to vacate until August 15, 2012, which was one day after the trial court issued the order denying his motion. The assertions made in Wright's affidavit were, therefore, not rebutted. "'It is reversible error for a trial court to disregard the unchallenged testimony that a person did not receive service.'" *Wood*, 2010-Ohio-1339, at ¶ 12, quoting *Jacobs*, 2006-Ohio-1312, at ¶ 17.

{¶16} Based on the fact that the assertions made in Wright's affidavit were not rebutted, and in accordance with this Court's holding in *Wood*, we conclude that service on Wright was ineffective. "'Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio.'" *Wood*, 2010-Ohio-1339, ¶ 13, quoting *Portfolio Recovery Assoc., LLC v. Thacker*, 2d Dist. No. 2008 CA 119, 2009-Ohio-4406, ¶ 22.

{¶17} Wright's second assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING WRIGHT'S MOTION TO VACATE JUDGMENT IN THAT THE COURT'S DECISION IS CONTRARY TO ESTABLISHED CASE LAW REGARDING SERVICE OF PROCESS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FINDING THAT FIRST DATA'S METHODS OF ATTEMPTING TO SERVE WRIGHT AS STATUTORY AGENT FOR THE CORPORATION TO BE REASONABLY CALCULATED TO EFFECT SERVICE UPON THE CORPORATION THROUGH ITS STATUTORY AGENT. THIS FINDING IS CONTRARY TO THE POSITION THAT FIRST DATA TOOK IN ITS INITIAL PLEADINGS AND SUBSEQUENT ACTIONS.

{¶18} Due to this Court's resolution of Wright's second assignment of error, his first and third assignments of error are moot. This Court, therefore, declines to address them. App.R. 12(A)(1)(c).

III.

{¶19} Wright's second assignment of error is sustained, and his first and third assignments of error are moot. The default judgment of the Akron Municipal Court is vacated, and the cause is remanded to the trial court for proceedings consistent with this opinion.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed Appellee.

_____<br>JENNIFER HENSAL<br>FOR THE COURT

BELFANCE, P. J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶20}** Had First Data been more diligent in collecting and defending its default judgment against Mr. Wright, I would not concur in the majority's decision to vacate the default judgment. *See First Merit Bank, N.A. v. Wood,* 9th Dist. No. 09CA009586, 2010-Ohio-1339, ¶ 16-18 (Carr, J., dissenting); *Eisel v. Austin*, 9th Dist. No. 09CA009653, 2010-Ohio-3458, ¶ 16-19 (Carr, J., dissenting). Under the unique circumstances of this case, however, including that First Data waited almost six years to attempt to collect its default judgment and failed to timely oppose the motion to vacate, I concur in the majority's judgment.

<u>APPEARANCES:</u>

JOE WASHINGTON, Attorney at Law, for Appellant.

ANNE C. LITTLE, Attorney at Law, for Appellee.