[Cite as *Tennant v. Gallick*, 2014-Ohio-477.]

# IN THE COURT OF APPEALS

# NINTH APPELLATE DISTRICT

# SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| JEANNETTE TENNANT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 26827** |
| DONALD GALLICK, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Akron Municipal Court, Case No. 12 CVF 8512.

Judgment: Affirmed.

*Jeannette Tennant, pro se,* 25021 Aurora Rd., #207, Bedford, OH 44146 (Plaintiff-Appellee).

*Donald Gallick,* 190 N. Union St., #201, Akron, OH 44304 (For Defendant-Appellant).

PER CURIAM.

{¶1} Appellant, Donald Gallick, appeals the default judgment entered against him and in favor of appellee, Jeannette Tennant, in the Akron Municipal Court, Small Claims Division. At issue is whether the trial court properly entered default judgment against Gallick. For the reasons that follow, we affirm the judgment of the trial court in the amount of $3,000 plus court costs and interest at the rate of 3% per annum from the date of judgment.

{¶2} Tennant filed a small-claims complaint on September 10, 2012, alleging that Gallick breached the parties' contract by failing to file an appeal for her son in the Ohio Supreme Court by the deadline for such filing, which Gallick told Tennant was September 14, 2011. Tennant prayed for damages in the amount she paid Gallick, i.e., $3,000, due to his failure to file the appeal by the deadline as he agreed to do.

{¶3} The complaint was duly served on Gallick with a notice and summons, which provided in part: "The court will hold a hearing on this claim on October 13, 2012, at 10:45 AM, in the Akron Municipal Court * * *. REPORT TO ROOM 715." The notice and summons further provided: "If you do not appear at the time and place indicated above, judgment may be entered against you by default * * *." The certified mail receipt in the record shows that it was signed by Gallick or on his behalf on September 12, 2012.

{¶4} On October 2, 2012, Gallick filed a motion to dismiss the complaint. In his motion, Gallick conceded he did not timely file a notice of appeal in the Ohio Supreme Court. As an excuse for his late filing of the notice of appeal, he argued he had difficulty locating Tennant's son, Tito Marrero, in prison and he also had to prepare for trials in two other cases. As a result, he did not file the appeal in the Supreme Court until October 19, 2011, more than one month late. On that date, he also filed a motion for a delayed appeal. The Supreme Court denied the motion and dismissed the appeal. Gallick argued in his motion to dismiss that, even if he was guilty of malpractice, Tennant's claim must be dismissed. He argued that only a client can sue an attorney for malpractice and that he only represented Tennant's son. He argued that Tennant thus lacked standing to sue him for malpractice.

2

{¶5}  The case proceeded to hearing on October 13, 2012 as scheduled.  While Tennant appeared, Gallick did not.  The magistrate noted that, while Gallick was not present, he had filed a motion to dismiss, arguing that Tennant was not the proper party to bring this action.  As a result, the magistrate took evidence concerning the basis for Tennant's claim.

{¶6}  Tennant testified that on September 6, 2011, she and Gallick met and entered into an oral agreement, pursuant to which she retained him.  She said she recorded a telephone conversation between her and Gallick shortly before their meeting and this recording is evidence of their contract.  The recording, which was admitted in evidence, revealed the following conversation:

{¶7}  ATTORNEY GALLICK: Oh, hello.  This is Attorney Donald Gallick calling back.

{¶8}  MS. TENNANT:  Yes.

{¶9}  MR. GALLICK:  I told you I was going to look into this.

{¶10}  MS. TENNANT:  Yes, you did.

{¶11}  MR. GALLICK:  I read the opinion that Judge Whitmore wrote.  It - - it looks like your son really got a bad deal.  You know, I read about the search warrant and them searching the bag.

{¶12}  MS. TENNANT:  Right.

{¶13}  MR. GALLICK:  That is probably a case that needs to be sent to the Ohio Supreme Court.

{¶14}  MS. TENNANT:  Okay.

{¶15} MR. GALLICK: *That can be done.* That opinion came out August 1st[, 2011].

{¶16} * * *

{¶17} MR. GALLICK: *That would have to go to the Ohio Supreme Court by about September 14th.*

{¶18} MS. TENNANT: Right.

{¶19} MR. GALLICK: And, so, *it's not a lot of time, but it could be done.* (Emphasis added.)

{¶20} Tennant testified that her son, Tito Marrero, was in prison at that time. She said she "hired" Gallick to file an appeal for her son in the Ohio Supreme Court by September 14, 2011. She said she also hired Gallick to file a motion to reopen her son's appeal in the Ninth District Court of Appeals.

{¶21} Tennant testified that, although Gallick told her the appeal in the Supreme Court had to be filed by September 14, 2011, he did not file it until after that date.

{¶22} Tennant testified that Gallick also entered a written contract with her son, dated September 6, 2011. She submitted a copy of this contract at the hearing. That agreement provided that Gallick was to "provide legal representation in an appeal to the Ohio Supreme Court and possible 're-opening' of an appeal in the Ninth District Court of Appeals." The agreement recited the fee was $4,000; that $2,000 was paid on September 6, 2011; and that the balance would be paid in monthly installments.

{¶23} Tennant testified she paid Gallick $2,000 on September 6, 2011. She also presented copies of money orders she used to pay him an additional $1,275, for a total of $3,275. In addition, she offered in evidence a list of all her payments to Gallick.

{¶24} Tennant also offered into evidence a "General Power of Attorney," dated September 6, 2011, signed by her son, which authorized her to, inter alia, conduct any and all lawful business "on his behalf" and to sue for all such sums of money which were "owed to him."

{¶25} Tennant testified that, due to Gallick's failure to meet the deadline to file the documents he agreed to timely file, she was entitled to a refund of the money she paid him for legal services, which was $3,275.

{¶26} Since Gallick did not attend the hearing, he presented no testimony or other evidence disputing Tennant's testimony. Specifically, he presented no defense to Tennant's testimony that he breached the parties' contract.

{¶27} On October 22, 2012, the magistrate entered her decision. She found that Tennant met with Gallick on September 6, 2011, regarding a legal matter involving her son. The magistrate found that "the main issue that was stressed in her meeting with Attorney Gallick was that the paperwork with the Ohio Supreme Court had to be filed by September 14, 2011." Further, the magistrate found the parties orally agreed that Gallick would file an appeal for her son in the Ohio Supreme Court by the September 14, 2011 deadline and a motion to reopen in the Ninth District, and Tennant would pay Gallick $3,275 for these services. The magistrate found that Gallick failed to meet the Ohio Supreme Court deadline, but instead filed a motion for a delayed appeal, which the Supreme Court denied. She found that Gallick filed a motion to reopen in the Ninth District, but that motion was also denied. *The magistrate found that Tennant would not have hired Gallick if he had not advised her he would meet the Ohio Supreme Court deadline.* She found that Tennant had authority to sue Gallick because she had an oral

5

contract with him, wherein he agreed to file an appeal by September 14, 2011. Alternatively, she found that Tennant had authority to sue Gallick because she was in privity with Marrero by virtue of the power of attorney he gave her. The magistrate found that, because Gallick failed to appear at the hearing, Tennant was entitled to default judgment in the amount of $3,000, the monetary jurisdictional limit of the court. Gallick filed objections to the magistrate's decision.

{¶28} On February 11, 2013, the trial court entered judgment. The court denied Gallick's motion to dismiss, finding that the complaint alleged a breach of contract and that Tennant presented evidence of an implied contract between the parties. Further, the court found that, because Gallick failed to appear at the hearing, default judgment was appropriate. The court adopted the magistrate's decision, impliedly overruling Gallick's objections. We note the trial court in its judgment inadvertently referred to the hearing as a "mediation hearing" when, in fact, the hearing held by the magistrate was the hearing on the complaint, not a mediation hearing.

{¶29} Gallick timely appeals, asserting five assignments of error. Because we dispose of each on identical grounds, they are considered together. They allege:

{¶30} "[1.] The trial court erred when it failed to reject the magistrate's finding that a non-client can sue an attorney for a civil dispute involving legal services.

{¶31} "[2.] The trial court erred by failing to reject the magistrate's report allowing a third-party [sic] to use a general power of attorney form to file a lawsuit on behalf of another.

6

{¶32} "[3.] The trial court erred by failing to find that it is a denial of due process to allow a non-client to sue an attorney for legal malpractice because the attorney cannot disclose communications between the attorney and client.

{¶33} "[4.] The trial court erred when it adopted a judgment based on legal malpractice without requiring an expert opinion finding conduct outside the standard of care.

{¶34} "[5.] The trial court erred when it found that plaintiff's verbal agreement could be the basis for quasi contract liability when there was a written contract between defendant and his client."

{¶35} Gallick argues that the de novo standard of review applies to each of his assignments of error. However, the standard of review for small claims court proceedings is abuse of discretion. *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶7. Further, when reviewing the trial court's ruling on objections to a magistrate's decision in small claims court, this court must determine whether the trial court abused its discretion in reaching its decision. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶9. Thus, the abuse-of-discretion standard applies to each of Gallick's assignments of error. This court has recently held that an abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, ¶9.

{¶36} "'R.C. Chapter 1925 sets out procedures for the small claims division of the municipal court. Pursuant to R.C. 1925.16, the Ohio Rules of Civil Procedure apply

7

to actions in the Small Claims Court to the extent they are not inconsistent with the procedures provided in R.C. Chapter 1925.'" *Miller v. McStay*, 9th Dist. Summit No. 23369, 2007-Ohio-369, ¶8, quoting *Shokles v. Beatley*, 10th Dist. Franklin No. 95APG05-665, 1995 Ohio App. LEXIS 5630, *5 (Dec. 19, 1995). Under R.C. 1925.05(A), small claims courts are permitted to enter default judgment where a defendant fails to appear at a hearing. *Shokles*, *supra*, at *8. Default judgment may be entered against a defendant who fails to appear at a hearing regardless of whether the defendant answered the complaint, as "'no answer is required of a defendant in the small claims division.'" *Miller*, *supra*, quoting *Shokles*, *supra*. "'R.C. 1925.05(A) * * * suggests *the failure to appear at hearing constitutes an admission of liability*, much as the failure to file an answer in the general division of the municipal court constitutes an admission of liability.'" (Emphasis added.) *Miller*, *supra*, quoting *Shokles*, *supra*.

{¶37} Here, the record reflects that Gallick received notice on September 12, 2012 that default judgment could be entered against him if he failed to attend the October 13, 2012 hearing. This notice included the language required under R.C. 1925.05(A) for notifying a person that judgment may be entered against him or her for default.

{¶38} Gallick argued in the trial court that, because he filed a motion to dismiss, he was not required to file an answer while his motion to dismiss was pending, implying the trial court was not permitted to enter default judgment. While Gallick abandons this argument on appeal, we note that it lacks merit. In *Sheaff v. Conese*, 12th Dist. Butler No. CA-2001-10-242, 2002-Ohio-5607, the Twelfth District held that the defendant's pending motion to dismiss the plaintiff's claim did not preclude the small claims court

8

from rendering default judgment against the defendant who failed to appear for trial. This court cited *Sheaff* with approval in *McStay*, *supra*, at ¶14. Thus, Gallick's pending motion to dismiss did not prevent the trial court from entering default judgment against him due to his failure to appear at trial.

{¶39} The trial court was therefore authorized to enter default judgment against Gallick. For this reason alone, his assignments of error lack merit. Further, by failing to attend the small claims trial, Gallick did not present any evidence in support of his objections. Thus, his objections are not supported by the record. For this additional reason, his assigned errors lack merit.

{¶40} Tennant assigns four errors, which she incorrectly refers to as "assignments of error." They contend:

{¶41} "[1.] Appellee first motion [sic throughout] requesting the case be dismissed because appellant failed to timely file the brief under App.R. 18 RULE.

{¶42} "[2.] The trial court erred by failing to place Gallick under oath or mandating him to be on the record via an affidavit.

{¶43} "[3.] Transcript of proceedings that occurred 23th day of January, 2013, requesting via a motion filed before this brief and a copy included within appellee brief.

{¶44} "[4.] Partial transcript recorded telephone conversation of Tennant and Gallick extended at mediation to magistrate Susan Baker-Ross and a copy included within appellee brief."

{¶45} Each of Tennant's purported assignments of error lacks merit as each is not the proper subject of an assignment of error.

{¶46} For the reasons stated in the opinion of this court, the assignments of error are overruled.  It is the judgment and order of this court that the judgment of the Akron Municipal Court, Small Claims Division, awarding Tennant $3,000 plus court costs and interest at the rate of 3% per annum from the date of judgment, is affirmed.

{¶47} There were reasonable grounds for this appeal.

{¶48} We order that a special mandate issue out of this Court, directing the Akron Municipal Court, Small Claims Division, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

{¶49} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

{¶50} Any and all pending motions are denied as moot.

{¶51} Costs to be taxed against appellant.

_____
PRESIDING JUDGE TIMOTHY P. CANNON
Eleventh Appellate District,
Sitting by Assignment.

JOSEPH J. VUKOVICH, J.,
Seventh Appellate District,
Sitting by Assignment,

CYNTHIA WESTCOTT RICE, J.,
Eleventh Appellate District,
Sitting by Assignment,

concur.

10