[Cite as *Unifund CCR, L.L.C. v. Husain*, 2018-Ohio-1921.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| UNIFUND CCR, LLC | C.A. No. 28190 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WAZIR HUSAIN | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 15CV01158 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2018

---

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant Wazir Husain appeals a judgment of the Akron Municipal Court that granted Unifund CCR, LLC's ("Unifund") motion for default judgment. For the reasons that follow, this Court affirms.

I.

{¶2} Unifund filed a complaint against Mr. Husain, seeking to recover the unpaid balance on his credit card account. When attempts to serve Mr. Husain by certified mail were returned unclaimed, Unifund asked the clerk's office to serve him by ordinary mail. It complied, and the ordinary mail envelope was not returned. After Mr. Husain failed to file an answer, Unifund moved for a default judgment, which the municipal court granted. Mr. Husain has appealed, assigning as error that he was not given an opportunity to defend against the action.

## II.

### ASSIGNMENT OF ERROR

I, THE APPELLANT, WAS NOT GIVEN AN OPPORTUNITY TO DEFEND MYSELF.

**{¶3}** Mr. Husain argues that that he was not given an opportunity to defend himself and requests that this Court reverse the judgment of the Akron Municipal Court. He denies that he received service of the action and claims that he was mostly out of town during the months when the alleged service by ordinary mail occurred.

**{¶4}** "A trial court's decision to grant default judgment is reviewed under an abuse of discretion standard."[1] *Miller v. McStay*, 9th Dist. Summit No. 23369, 2007-Ohio-369, ¶ 5. Civ.R. 4.6(D) provides that, if certified mail is returned with an endorsement stating that the envelope was unclaimed, the serving party may file a written request for ordinary mail service. The rule also provides that, "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

**{¶5}** The record indicates that the certified mail sent to Mr. Husain was returned unclaimed. Unifund subsequently made a written request for service by ordinary mail, and the clerk entered in the record when that occurred. There is no indication in the record that the complaint sent via ordinary mail was returned to the court. We also note that, despite denying that he received "service," Mr. Husain acknowledges in his brief that he received "notice from

---

[1] We note that this is a direct appeal from the default judgment entry and not an appeal from a motion to vacate that entry. *Compare First Data Merch. Servs. Corp. v. Wright*, 9th Dist. Summit No. 26622, 2013-Ohio-2791. As a direct appeal we can only consider the actual trial court record. Consequently, Mr. Husain's statements about not receiving the complaint and being out of town are only recited in this opinion to explain his argument on appeal. There is nothing in the record regarding these factual allegations.

the Akron Municipal Court that a case ha[d] been filed against me by Unifund[.]" Accordingly, upon review of the record, we conclude that Mr. Husain has failed to establish that he did not receive proper service. *See First Merit Bank, N.A. v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 8.

{¶6} Under Civ.R. 55(A), a party is entitled to judgment by default if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[.]" Under Civ.R. 12(A), "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]" Upon review of the record, we note that Mr. Husain did not file an answer within 28 days of receiving service. We also note that he has not contested the amount of his debt to Unifund. Accordingly, we conclude that the municipal court did not abuse its discretion when it entered a judgment by default against him. Mr. Husain's assignment of error is overruled.

III.

{¶7} Mr. Husain's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JULIE A. SCHAFER
FOR THE COURT


CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

WAZIR HUSAIN, pro se, Appellant.

DAVID A. BADER, Attorney at Law, for Appellee.