[Cite as *State v. Chandler*, 2022-Ohio-2634.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021-CA-00073 |
| ANTHONY R. CHANDLER | : | 2021-CA-00074 |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Licking County
Court of Common Pleas, Case Nos. 21-CR-
00186 & 21-CR-403

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 1, 2022

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

CLIFFORD J. MURPHY    CHRIS BRIGDON
Assistant Prosecuting Attorney    8138 Somerset Road
20 North Second Street    Thornville, OH 43076
Newark, OH 43055

*Gwin, J.,*

**{¶1}** Defendant-appellant Anthony R. Chandler ["Chandler"] appeals the imposition of consecutive sentences after a negotiated guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On March 25, 2021 in Licking County Case Number 21 CR 186 Chandler was indicted as follows, 1). Illegal conveyance of weapons, drugs or other prohibited items onto grounds of a detention facility or institution, a felony of the third degree in violation of R.C. 2921.36(A)(2); 2). Aggravated possession of methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(1)(a), and 3). Illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1).[1]

**{¶3}** On July 22, 2021 in Licking County Case Number 21 CR 403, Chandler was indicted on one count of Violating a protective order, a felony of the fifth degree in violation of R.C. 2919.27(A)(1).[2]

**{¶4}** On August 17, 2021, Chandler executed a written Crim.R. 11(F) "Admission of Guilt" form in both cases, agreeing to enter guilty pleas to aggravated possession of methamphetamine, drug paraphernalia, and violating a protective order. In exchange, the state agreed to dismiss the illegal conveyance count. Chandler entered his pleas during a combined change of plea and sentencing proceeding that same day.

---

[1] 5th Dist. Licking No. 21CA0074
[2] 5th Dist. Licking No 21CA0073

{¶5} The trial court accepted Chandler's negotiated guilty pleas. The trial court proceeded to sentence Chandler in Licking County Case Number 21 CR 186 to a one-year prison sentence on aggravated possession of methamphetamine and to a 30-day jail sentence on the drug paraphernalia count, concurrently. In Licking County Case Number 21 CR 403, the trial court sentenced Chandler to a one-year prison sentence for violating a protective order. The trial court ordered that sentence to be served consecutively to the sentence imposed in Licking County Case Number 21 CR 186.

*Assignment of Error*

{¶6} Chandler raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT UNLAWFULLY ORDERED MR. CHANDLER TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHT TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

*Law and analysis*

{¶8} In his sole assignment of error, Chandler contends that he presented mitigating circumstances that demonstrate consecutive sentences were unnecessary to protect the public and disproportionate to the seriousness of the offenses.

**Standard of Appellate Review**

{¶9} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C.

2929.11 and the sentencing factors under R.C. 2929.12, "neither  R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record."  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶10}  We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

{¶11}  R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39.  The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in  R.C. 2929.11 and  2929.12."

{¶12}  In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649*,*

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

Slip Opinion No. 2020-0599, 2022-Ohio-1878(June 7, 2022), ¶22.

{¶13} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See* id. The trial court is not required "to give a talismanic incantation of

the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." Id.

Issue for appellate review**:** *Whether the trial court properly imposed consecutive sentences in Chandler's case.*

### R.C. 2929.13(B)

**{¶14}**  R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony.  Chandler pled guilty to two felonies of the fifth degree.  In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or

more community control sanctions that are available for persons sentenced by the court.

**{¶15}** R.C. 2929.13(B)(1) further provides,

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if *any* of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

**{¶16}** In the case at bar, the trial court found that Chandler violated the protection order in Licking County Case Number 21 CR 403 while he was under indictment for the charges in Licking County Court of Common Pleas, Case Number 21 CR 186. Further, the trial court found that the offenses occurred while Chandler was under supervision in a previous case. T. at 18-23.

{¶17} Accordingly, the court had discretion to impose a prison term for the fifth degree felonies. An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54. The trial court's reasoning is not legally incorrect or untenable and the decision does not reach an end or purpose not justified by reason and the evidence. The decision to impose a prison sentence does not amount to a denial of justice.

### R.C. 2929.14 (C)(4) Consecutive Sentences.

{¶18} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶19} In order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include

that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶20}  In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶21}  In the case at bar, the trial court made this finding on the record and in its sentencing entry.  T. at 23-25.  *Sentencing Entry*, filed Aug. 17, 2021 at 2 [Docket Entry No. 55].  The trial court further noted,

> I would note Mr. Chandler that your prior conviction of the violating a protection order in the 21 CR 186 [case], you were under supervision in a different case.  Your problems date back over 15 years and you're arrested

with such regularity, I'm confident that court services officers will have to lay people off for you to be incarcerated for any length of time. At this point, we're not here to help you but to protect ourselves from you.

T. at 23.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶22} The trial court found that Chandler committed the offense in Licking County Case Number 21 CR 403 while he was awaiting trial in Licking County Case Number 21 CR 186. T. at 18-23; *Sentencing Entry*, filed Aug. 17, 2021 at 2 [Docket Entry No. 55].

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶23} The Court made no findings concerning this factor in Chandler's case.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶24} In the case at bar, the trial court made this finding on the record and in its sentencing entry. T. at 23-25. *Sentencing Entry*, filed Aug. 17, 2021 at 2 [Docket Entry No. 55]. The trial court further noted,

I would note Mr. Chandler that your prior conviction of the violating a protection order in the 21 CR 186 [case], you were under supervision in a different case. Your problems date back over 15 years and you're arrested with such regularity, I'm confident that court services officers will have to lay people off for you to be incarcerated for any length of time. At this point, we're not here to help you but to protect ourselves from you.

T. at 23.

***Whether the trial court's decision to impose consecutive sentences in Chandler's case is supported by the record.***

{¶25} According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell*, ¶28. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. at ¶29.

{¶26} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶27} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Chandler has not shown that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶28} Chandler's First Assignment of Error is overruled.

{¶29} The judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Delaney, J., concur